NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0301n.06
Filed: May 28, 2008

Case No. 07-5799

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | MIDDLE DISTRICT OF |
| v. | ) | TENNESSEE |
| | ) | |
| LEON MORTON WELCH, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: BATCHELDER, SUTTON, and FRIEDMAN, Circuit Judges.*

**ALICE M. BATCHELDER, Circuit Judge.** Leon Morton Welch appeals the district court's denial of his motion to suppress evidence. For the reasons that follow, we AFFIRM.

An undercover police officer and a confidential informant ("CI") drove into a gas station, intending to conduct a controlled drug buy. When a woman approached, the CI told her he wanted crack cocaine and gave her $40. She went around the building and got into the back seat of a Cadillac. A man got out of the driver's seat of the Cadillac, went into the gas station, returned to the Cadillac, and got back into the driver's seat. The woman then got out of the back seat of the Cadillac, returned to the officer's car, and gave the crack to the CI. The officer signaled other police officers who had been watching both the Cadillac and the undercover officer's car; they seized the Cadillac and the driver, who turned out to be defendant Welch. A search of the Cadillac yielded

---

*The Honorable Daniel M. Friedman, Circuit Judge for the United States Court of Appeals for the Federal Circuit, sitting by designation.

crack cocaine and, under the driver's seat, a firearm.

Welch was indicted on charges of possessing with intent to distribute cocaine base, being a felon in possession of a firearm, and possessing a firearm in furtherance of a drug trafficking offense. He moved to suppress the evidence obtained through the search of the Cadillac, and, when his motion to suppress was denied, entered a conditional plea of guilty to the charge of possession of a firearm as a convicted felon. Welch now argues that the police had no probable cause to seize the Cadillac because the officers had no reason to think there were any more drugs inside.

"[A] warrantless search of a vehicle lawfully stopped by the police does not violate the fourth amendment if the officers have probable cause to believe the vehicle contains contraband." *United States v. Paulino*, 935 F.2d 739, 747 (6th Cir. 1991). Probable cause is based on a "totality of the circumstances" and "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Illinois v. Gates*, 462 U.S. 213, 244 n.13 (1983). "This totality of the circumstances analysis includes a realistic assessment of the situation from a law enforcement officer's perspective." *United States v. Barrett,* 890 F.2d 855, 861 (6th Cir. 1989).

The activities that these officers observed involving the Cadillac certainly gave them probable cause to believe that they likely would find crack cocaine in the vehicle. Indeed, after watching the activities of Welch and the woman who actually delivered the $40 worth of crack to the CI, the officers had little reason to think that they would <u>not</u> find contraband in that vehicle. The district court did not err by denying defendant's motion to suppress.

We **AFFIRM** the judgment of the district court.

2